Louis T. Desautels
vs.                    } No. 65,250
Walter C. Rocheleau

RESCRITP

March 8, 1927

SUMNER, J.    Plaintiff has brought suit to recover damages for injuries claimed to have been suffered as the

result of the negligent and unskillful surgery of the defendant. The jury returned a verdict for the plaintiff in the sum of $7,000 and defendant has filed his motion for a new trial.

The plaintiff had been injured in an automobile accident. The radius and the ulna of his right arm were fractured. The defendant operated seven days after the accident, attaching the broken fragments of the radius and ulna by means of kangaroo tendons. Later a painful infection developed in the arm of the plaintiff and it was treated for some time and finally disappeared. The X-rays show a bulging out of the two fragments of the radius and the use of the arm has been greatly impaired, so that the plaintiff apparently has very little strength in it. The plaintiff claims that Drs. Rocheleau and McCarthy told him that there was infection in the arm before the operation. It is admitted on both sides that if such was the case the operation should not have been undertaken. Dr. Kelly, an X-ray specialist and surgeon, testified for the plaintiff that the alignment would have been better if no operation had been performed and the tissues between the ends of the fragments had been removed by manipulation.

The defendant testified, and his testimony is confirmed by other doctors of standing, that the injury was an unusual one, that the results to be obtained were always uncertain in such a case, that the operation was a proper one and its nature was, under the conditions, to be determined by the best judgment of the operator.

It seems to the Court that this position of the defendant is sustained by the overwhelming weight of medical testimony.

The only question admitting of doubt was as to the infection of the wound at the time of the operation. The defendant and the assisting surgeon, Dr. McCarthy, and the anecthetist, Dr. Roswell, testified that there was no indication of infection at the time of the operation and that all the precautions required under the circumstances were taken, including the insertion of a rubber tissue drain under the suture.

The clinical chart, introduced by the plaintiff, says nothing about the inserting of a drain and the hospital orderly says none was inserted, but Dr. Roswell, who made the record of the operation, said that it was not unusual to omit mention of the rubber drain. The chart shows a normal temperature for three days before the operation and on the sixth day after it, and up to the time of his discharge on the ninth day. It is not denied that there was infection some time subsequent to the operation. Dr. McCarthy, who was actively attending the plaintiff and who had charge of the case (having employed Dr. Rocheleau to operate) testified that he first discovered signs of infection in February several weeks after the operation, and, if that is so, its connection with the operation is not clearly shown.

We have the unsupported testimony of the plaintiff that Drs. Rocheleau and McCarthy told him there was infection before the operation. This testimony is met by Dr. Rocheleau and by Dr. McCarthy, and the chart and X-ray pictures taken at the time show no indication of it. It seems incredible that an operating surgeon would admit, even if it were a fact, that he had operated with infection present. It may be said that plaintiff's testimony as to the existence of infection at any time must be considered with reference to the fact that he was a layman and not a physician.

Dr. Scudder of Boston, former instructor at Harvard Medical School, and an authority on fractures, testified that if there was no evidence of infection after operation, the operation was justified; that he thought sufficient time was allowed to elapse between the break and operation; that the clinical chart was not consistent

with infection, and that the operation was performed in accordance with well recognized rules of surgery.

Local surgeons of good repute testified as to the skill of Dr. Rocheleau and his reputation as a surgeon in the community.

Defendant's motion for a new trial is granted.

For Plaintiff: Walling & Walling and P. Francis Cassidy.

For Defendant: Hinckley, Allen, Tillinghast and Phillips.